UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN SCANNELL,

                    Plaintiff(s),

        v.

NICHOLAS BROWN, et al.,

                    Defendant(s).

CASE NO. C26-1327-KKE

ORDER ON MOTIONS FOR EXTENSIONS OF TIME TO FILE AND SETTING BRIEFING SCHEDULE ON MOTIONS

        On February 23, 2026, Plaintiff John Scannell, proceeding *pro se*, filed a § 1983 complaint against Defendants Nicholas Brown, Leesa Manion, and the City of Des Moines in the Northern District of California. Dkt. No. 1. On March 13, 2026, Scannell consented to the jurisdiction of a magistrate judge in the Northern District of California. Dkt. No. 3. On April 6, 2026, Defendant Leesa Manion filed a motion to dismiss. Dkt. No. 19. On April 7, 2026, United States Magistrate Judge Lisa J. Cisneros ordered the case be transferred to the Western District of Washington pursuant to 28 U.S.C. § 1406(a) "because all parties are located there and essentially all of the events at issue occurred there." *See* Dkt. No. 21. Upon receipt of the case, the Clerk in the Western District of Washington issued a new declination of consent form, and preliminarily assigned the matter to U.S. Magistrate Judge Theresa L. Fricke. Dkt. No. 26. The Clerk directed the parties to return an executed declination of consent form by May 13, 2026. *Id.* On May 19, 2026, because

ORDER ON MOTIONS FOR EXTENSIONS OF TIME TO FILE AND SETTING BRIEFING SCHEDULE ON MOTIONS - 1

the parties did not consent to the jurisdiction of a magistrate judge in this District by the deadline, the case was re-assigned to the undersigned.

This matter is now before the Court upon motions by the parties seeking various forms of relief and requesting a briefing schedule on the Defendants' motions to dismiss and Plaintiff's motion to transfer this matter back to the Northern District of California.  Dkt. Nos. 29, 30, 46, 48. The Court first considers the parties' stipulated motions (Dkt. Nos. 29, 30) then turns to Scannell's motions for relief from deadlines (Dkt. Nos. 46, 48).

On April 27, 2026, Brown filed a stipulated motion to stay his deadline to file an answer to the complaint, which was otherwise due on May 5, 2026.  Dkt. No. 29.  Brown indicated that he intended to join Defendant Manion's motion to dismiss (Dkt. No. 19).  *Id.*  On April 30, 2026, the Defendants filed a stipulated motion to set a briefing schedule on the motion to dismiss. Dkt. No. 30.  All parties agreed to the briefing schedule set forth below.  *Id.*

| Case Events | Date |
| --- | --- |
| Defendants' deadline to file Motion to Dismiss | May 8, 2026 |
| Plaintiff's deadline to file Motion to Remand to California District Court and Alternate Motion for Summary Judgment | May 8, 2026 |
| Plaintiff's Response to Defendants' Motion for Dismissal due | May 29, 2026 |
| Defendants' Response to Plaintiff Motion to Remand to California District Court and Alternate Motion for Summary Judgment due | May 29, 2026 |
| Defendants' Reply to Motion for Dismissal due | June 5, 2026 |
| Plaintiff's Reply on Motion to Remand and Alternate Motion for Summary Judgment due | June 5, 2026 |

Because the parties have so stipulated, the Court GRANTS the motion to stay, and GRANTS in part the motion setting a briefing schedule.  Dkt. Nos. 29, 30.   The Court will decline to set a hearing on June 5, 2026, as the parties have requested, at this time.  If any party wishes to have oral argument on a motion, they "shall so indicate by including the words 'ORAL ARGUMENT REQUESTED' in the caption of its motion or responsive memorandum." Local Rules W.D. Wash.

ORDER ON MOTIONS FOR EXTENSIONS OF TIME TO FILE AND SETTING BRIEFING SCHEDULE ON MOTIONS - 2

7(b)(4). Should any party request oral argument and the Court finds oral argument is needed, the Courtroom Deputy will reach out to the parties for scheduling. *See* Dkt. No. 50 at 5 (chambers procedures regarding oral arguments in civil cases).

The Court turns now to Scannell's motions. Dkt. Nos. 46, 48. On May 11, 2026, Scannell filed a motion requesting the Court extend his time to file supportive declarations to his "Motion to Remand" this case to the Northern District of California. Dkt. No. 46. Scannell explained that on the evening his motion and declarations were due, "the system crashed", and, as such, he was not able to upload documents until around 2:00 a.m. the morning after the deadline. *Id.* at 2. Although in general, "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of a deadline," the Court will, given his explanation, GRANT Scannell's motion and consider his declarations to be timely filed. LCR 7(j). Should Scannell require additional extensions of time for future filings, the Court reminds the Plaintiff that under this District's rules, where an "unforeseen emergency exists … the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court." LCR 7(j).

Finally, Scannell requested that the Court extend his time to respond to Defendants' motions to dismiss until May 18, 2026. Dkt. No. 48 at 1. The stipulated schedule sets Scannell's deadline to respond to Defendants' motions to dismiss to May 29, 2026—11 days beyond the extension he seeks through his separate motion. *See* Dkt. No. 30. Because Scannell's deadline has not yet passed, his motion is DENIED. Dkt. No. 48.

Dated this 22nd day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTIONS FOR EXTENSIONS OF TIME TO FILE AND SETTING BRIEFING SCHEDULE ON MOTIONS - 3