THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN SCANNELL,

                Plaintiff,

        v.

NICHOLAS BROWN, *et al.*,

                Defendants.

CASE NO. C26-1327-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to transfer (Dkt. No. 41) and Defendant Leesa Manion's motion to dismiss (Dkt. No. 35), which is joined by Defendants Nicholas Brown and the City of Des Moines, (*see* Dkt. Nos. 32, 39).[1] Having thoroughly considered the briefing and record, the Court DENIES Plaintiff's motion (Dkt. No. 41) and GRANTS Defendants' motion(s) (Dkt. Nos. 32, 35, 39) in part for the reasons explained herein.

This suit follows state court proceedings. (*See* Dkt. Nos. 1, 43-1–3, 44-1–5, 45-1–15.) At issue in each of those proceedings (along with this one) is a May 2023 incident, in which Plaintiff was denied entry to the South Correctional Entity ("SCORE") jail. (*See generally* Dkt. No. 1.) He contends he was there to perform a legal visit. (*Id.* at 3.) But at the time, he was not

---

[1] Plaintiff also moved for leave to file a surreply (Dkt. No. 72). Because the Court did not consider the arguments at issue (which Defendants made on reply), the Court need not address Plaintiff's motion for leave for such a filing.

ORDER
C26-1327-JCC
PAGE - 1

permitted to practice law locally.[2] Thus, SCORE representative turned Plaintiff away. (*Id.* at 3.) In response, Plaintiff filed a civil state court case against the jail, and then the local prosecutor charged Plaintiff for the unlawful practice of law, a crime for which Plaintiff was convicted by a jury. (*See* Dkt. Nos. 1, 43-1–3, 44-1–5, 45-1–15.) Plaintiff's appeal of the latter in state court remains ongoing. (*See* Dkt. No. 36-3.)

Based on the state court litigation to date, Plaintiff filed the instant federal complaint (Dkt. No. 1.) In it, Plaintiff seeks (amongst other things) a declaration that RCW 2.48.180, which prohibits the unlicensed practice of law, violates the First and Fourteenth Amendments, and based on this and other federal law violations, Plaintiff's conviction is legally infirm. (Dkt. No. 1 at 14.) Plaintiff also seeks an order enjoining the Washington's Attorney General and/or the Des Moines Prosecutor from "enforcing RCW 2.48.180 against [] Plaintiff for any activities that are in support of his role as a ninth circuit attorney including giving legal advice to potential ninth circuit litigants." (Dkt. No. 1 at 14.) These requests, say Plaintiff, are supported by his assertion that, despite the disbarments, Plaintiff retains the right to "practice in the ninth circuit." (Dkt. No. 1 at 6) (citing *Selling v. Radford*, 243 U.S. 46, 51 (1917); *Theard v. United States*, 354 U.S. 278, 281 (1957)).

Plaintiff initially brought this case to the United States District Court for the Northern District of California. (*See generally id.*) Shortly thereafter, though, that court issued an order to show cause why venue was proper and, following Plaintiff's response,[3] transferred the case here.

---

[2] Plaintiff was disbarred in 2010 both by the Washington Supreme Court and this Court. *See In re Disciplinary Proceeding Against Scannell*, 239 P.3d 332, 343 (Wash. 2010) (en banc); *In re Disciplinary Proceeding Against Scannell*, 2010 WL 11530779 slip op. at 4 (W.D. Wash. 2010), aff'd sub nom. In re Scannell, 447 F. App'x 857 (9th Cir. 2011). The Court takes judicial notice of these proceedings in accordance with Federal Rule of Evidence 201. *See, e.g.*, *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

[3] In that response, Plaintiff did not meaningfully address 28 U.S.C. § 1391(b)(1) or (2). (*See generally* Dkt. No. 15.) Instead, Plaintiff contended that, because the relief sought was based on his attested ability to practice before the Ninth Circuit Court of Appeals (despite disbarments

ORDER
C26-1327-JCC
PAGE - 2

(*See* Dkt. Nos. 11, 15, 21.) It did so after determining that "all parties are located within the Western District of Washington and essentially all of the events at issue occurred there." (Dkt. No. 21 at 2.) And based on "a straightforward application of 28 U.S.C. § 1391, the only district court where venue is proper for this case is the Western District of Washington." (*Id.* at 3.)[4]

In moving for what he terms "remand" back to the Northern District of California, Plaintiff largely repeats to this Court the argument(s) he made to the Northern District of California, in response to its order to show cause. (*Compare* Dkt. No. 15, *with* Dkt. No. 41.) Curiously, Plaintiff hopes for a different outcome here, even though both Courts apply the same law. This Court finds Plaintiff's venue arguments no more persuasive than the prior court did. Indeed, 28 U.S.C. § 1391 clearly demands that the Western District of Washington is the appropriate federal venue for this matter based on the pleaded jurisdictional allegations—all parties reside in this district and the events at issue occurred in this district. (*See generally* Dkt. No. 1.) As a result, Plaintiff's motion to transfer (Dkt. No. 41) is meritless.

As to the motion(s) to dismiss, Defendants make the motion pursuant to both Rules 12(b)(1) and 12(b)(6). (Dkt. Nos. 32, 35, 39.) Because a 12(b)(1) dismissal is jurisdictional, the Court considers this challenge first. *Compare* Fed. R. Civ. P. 12(b)(1), *with* Fed. R. Civ. Pr. 12(b)(6); *see also, e.g. Homefront Org., Inc. v. Motz*, 570 F. Supp. 2d 398, 404 (E.D.N.Y. 2008) (deferring consideration of a Rule 12(b)(6) motion pending resolution of a Rule 12(b)(1) motion). As Defendants note, Plaintiff's claims here ostensible collaterally challenge prior and ongoing state proceedings. (*See* Dkt. No. 35 at 6–8, 10.) As such, abstention doctrines are

---

elsewhere), and because federal district courts lack "territorial (long arm) jurisdiction to apply [] state laws to the Ninth Circuit," neither (b)(1) nor (b)(2) could apply. (*See* Dkt. No. 15 at 2–3.) Thus (b)(3) is implicated and the Northern District of California would be a viable option. (*Id.* at 4–6.)

[4] By way of review, venue is proper (a) in the district where the defendant resides, so long as all defendants reside within the same state or (b) within the district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. §§ 1391(b)(1), (2). In filing suit in California, Plaintiff attested that 28 U.S.C. § 1391(b)(3) applied. (*See* Dkt. No. 1 at 2–3.) But, of course, this provision only applies if the those described above are not satisfied. *See* 28 U.S.C. § 1391(b)(3).

ORDER
C26-1327-JCC
PAGE - 3

implicated, both indirectly and directly. (*See id.*) (citing, *e.g.*, *Hooper v. Brnovich*, 56 F.4th 619, 625 (9th Cir. 2022) (discussing the *Rooker-Feldman* doctrine); *Sprint Commun., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger* abstention)). Thus, the Court declines to exercise jurisdiction here, in accordance with those doctrines. And as such, it cannot consider Defendants' Rule 12(b)(6) request. Thus, the resulting dismissal must be without prejudice.

For the reasons described above, the Court DENIES Plaintiff's motion to transfer (Dkt. No. 41) and GRANTS Defendants' motion (Dkt. Nos. 32, 35, 39), in part. Plaintiff's complaint (Dkt. No. 1) is DISMISSED *without prejudice* pursuant to Rule 12(b)(1) based on a lack of subject matter jurisdiction.

DATED this 26th day of June 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-1327-JCC
PAGE - 4